J-S18029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: W.T.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: W.T.H., A MINOR | : | No. 1560 MDA 2019 |

Appeal from the Order Entered September 5, 2019
In the Court of Common Pleas of Huntingdon County
Juvenile Division at No(s): CP-31-JV-0000047-2016

| | | |
|---|---|---|
| IN THE INTEREST OF: W.T.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: W.T.H. | : | No. 1561 MDA 2019 |

Appeal from the Order Entered September 5, 2019
In the Court of Common Pleas of Huntingdon County
Juvenile Division at No(s): CP-31-JV-0000068-2011

BEFORE:  KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED MAY 22, 2020**

Appellant, W.T.H., appeals from the orders entered in the Huntington County Court of Common Pleas, Juvenile Division, which continued for one year Appellant's involuntary commitment to a residential sexual offender treatment facility per 42 Pa.C.S.A. §§ 6401-6409 ("Act 21").  On June 28,

_____

[*] Former Justice specially assigned to the Superior Court.

2013, the juvenile court adjudicated Appellant delinquent for involuntary deviate sexual intercourse ("IDSI") with a child and false reports to law enforcement authorities at Docket No. JV-0068-2011. The trial court later issued a dispositional and placement order, which this Court affirmed on April 29, 2014. *See In re W.T.H.*, 102 A.3d 546 (Pa.Super. 2014) (unpublished memorandum). While in placement, Appellant committed additional sexual offenses. At Docket No. JV-0047-2016, the trial court adjudicated Appellant delinquent for indecent exposure, and continued Appellant's placement at Docket No. JV-0068-2011. On August 10, 2018, the trial court adjudicated Appellant a sexually violent delinquent child ("SVDC") and committed him to one year of involuntary sexual offender treatment per Act 21. On September 5, 2019, the juvenile court conducted an Act 21 review hearing. That same day, the court continued Appellant's Act 21 placement for an additional year at both docket numbers. Appellant timely filed separate notices of appeal at each docket number on September 26, 2019. The court ordered Appellant on September 30, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied. This Court consolidated the appeals *sua sponte* on October 23, 2019.

In his only issue on appeal, Appellant challenges the validity of his SVDC status and the constitutionality of Act 21 in light of ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) (holding registration requirements under

Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment) and ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017) ("***Butler I***") (holding provision of SORNA which requires court to designate defendant sexually violent predator ("SVP") by clear and convincing evidence violates federal and state constitutions because it increases defendant's criminal penalty without fact-finder making necessary factual findings beyond reasonable doubt). While Appellant's appeal was pending, however, the Pennsylvania Supreme Court reversed ***Butler I***. ***See Commonwealth v. Butler***, 25 WAP 2018, ___ Pa. ___, ___ A.3d ___, 2020 WL 1466299 (Pa. filed March 26, 2020) ("***Butler II***") (providing SVP registration, notification, and counseling requirements do not constitute criminal punishment, and thus, adjudication of SVPs by clear and convincing evidence standard is constitutionally permissible).

Also while Appellant's case was pending on appeal, our Supreme Court addressed the constitutionality of Act 21 in light of ***Muniz*** and ***Butler I*** in ***In re H.R.***, 41 MAP 2019, ___ Pa. ___, ___ A.3d ___, 2020 WL 1542422 (Pa. filed April 1, 2020), and this Court *en banc* considered the same issue in ***In re J.C.***, ___ A.3d ___, 2020 PA Super 115 (*en banc*) (filed May 13, 2020). Consistent with ***Butler II***, our Supreme Court held Act 21's provisions do not amount to criminal punishment. ***In re H.R., supra***. ***See also In re J.C., supra*** (holding same). Therefore, Act 21's mechanism of adjudicating SVDCs by a clear and convincing evidence standard is constitutionally sound. ***In re***

***H.R., supra***; ***In re J.C., supra***.  In light of the foregoing, Appellant's sole issue on appeal merits no relief.  Accordingly, we affirm.

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/22/2020